**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JERRY A. OJEDIS** | § | |
| | § | |
| **v.** | § | **A-08-CA-127 LY** |
| | § | |
| **JETBLUE AIRWAYS CORPORATION** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Clerk's Doc. No. 3) filed February 28, 2008; Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Clerk's Doc. No. 4) filed March 7, 2008; Defendant's Reply (Clerk's Doc. No. 6) filed March 17, 2008; Plaintiff's Response to Defendant's Reply Brief on Motion to Dismiss (Clerk's Doc. No. 9) filed March 27, 2008; and Defendant's Reply (Clerk's Doc. No. 12) filed April 4, 2008.   The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

Plaintiff Jerry A. Ojedis ("Ojedis") worked as a flight attendant for JetBlue from approximately February 2003 to November 9, 2006.  On October 7, 2006, JetBlue suspended Ojedis pending an investigation into his actions during a flight.  After an investigation, Ojedis' employment was terminated on or about November 9, 2006.  *See* Plaintiff's First Amended Petition.

On January 5, 2007, Ojedis' counsel sent a letter addressed to the EEOC in San Antonio and the Texas Workforce Commission ("TWC") enclosing an unsworn intake questionnaire.  In that letter, Ojedis' counsel requested both agencies to draft a charge of discrimination.  On January 30, 2007, the TWC sent a letter and dismissal notice to Ojedis, advising him that the TWC would not draft a charge on his behalf because it had determined that he had already filed a similar complaint with the EEOC.

Approximately 9 months later, on September 24, 2007, Ojedis' counsel sent a letter to the EEOC district office in New York enclosing a verified discrimination charge and a copy of the intake questionnaire previously submitted to the EEOC in San Antonio.  The September 24, 2007, charge was the only charge filed by Ojedis, and specifies that it would also be dual filed with the New York State Division of Human Rights.  The EEOC issued a notice of right to sue on that charge on September 28, 2007.   After receiving the right to sue notice from the EEOC office in New York, Plaintiff filed suit in state court in Texas alleging claims under the Texas Labor Code.  Defendant removed the case to federal court on February 20, 2008, based upon diversity and now moves to dismiss.

Defendant argues that Plaintiff's Texas Labor Code claims should be dismissed for lack of subject matter jurisdiction as Plaintiff failed to timely exhaust his administrative remedies before filing suit.  Defendant asserts that submission of an unverified intake questionnaire to the TWC and EEOC does not meet the exhaustion requirements of the Texas Labor Code.  Plaintiff responds that a recent Supreme Court case holds that when an intake questionnaire can reasonably be construed as a request for an agency to take remedial action, the charge filing requirement is satisfied.  *Federal Express Corp. v. Holowecki*, ___ U.S. ___, 128 S.Ct. 1147 (Feb. 27, 2008).  Based on *Holowecki*, Plaintiff argues the motion to dismiss should be denied.

2

## II.  ANALYSIS

### A.      Legal Standard for Motions to Dismiss

Under Federal Rule of Civil Procedure 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).  The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. *See Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).  In evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The question of subject matter jurisdiction is for the court to decide even if the question hinges on legal or factual determinations. *See id.* When accompanied by supporting evidence, a Rule 12(b)(1) motion challenging the court's jurisdiction is a factual attack. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  A plaintiff responding to a factual attack on the court's jurisdiction generally bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

Further, the Court's analysis will be governed by the requirements of the Texas Labor Code, as the only claims that Plaintiff is pursuing in this case are claims made pursuant to the Code.  That is, Plaintiff's petition does not make any claims under Title VII or any other federal statute.

### B.      Exhaustion Requirements Under the Texas Labor Code

Under Texas law, a person claiming employment discrimination must exhaust all administrative remedies prior to bringing a civil action in district court. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 488 (Tex. 1991).  Failure to satisfy this requirement creates a jurisdictional bar to the claim. *Id.* (citing *Green v. Aluminum Co. of Am.*, 760 S.W.2d 378, 380 (Tex.

App.– Austin 1988)).  To initiate the administrative process, an aggrieved employee must file a complaint with the EEOC or Texas Workforce Commission-Civil Rights Division ("TWC-CRD") no later than the 180th day after the date the alleged unlawful employment practice occurred.  TEX. LAB.CODE ANN. §§ 21.201-.202 (Vernon 2007); *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996).  When a complainant files his or her initial charge with the EEOC, that charge will also be considered filed with the TWC-CRD.  *See Vielma v. Eureka Co.*, 218 F.3d 458, 462-63 (5th Cir. 2000); 40 TEX. ADMIN CODE §§ 819.71, 819.76 (West 2007) (discussing the Texas Workshare agreement with the EEOC).

In addition, as part of the exhaustion requirement, the aggrieved employee must allow the TWC-CRD to dismiss the complaint or resolve the complaint within 180 days before filing suit, and the employee must file suit no later than two years after the agency complaint is filed. *Wooten v. Federal Exp. Corp.*, No. 3:04-CV-1196-D, 2007 WL 63609, at *9 (N.D. Tex. Jan. 9, 2007) ("[E]xhaustion occurs when the complainant files a timely charge with the commission and waits 181 days to file suit." (quoting *City of Houston v. Fletcher*, 63 S.W.3d 920, 922 (Tex. App. 2002)); *Rice v. Russell-Stanley, L.P.*, 131 S.W.3d 510, 513 (Tex. App. 2004); *see Westbrook v. Water Valley Ind. Sch. Dist.*, No. 03-04-00449-CV, 2006 WL 1194527, at *3 (Tex. App. May 5, 2006).

**C.    Does Plaintiff's Unverified Intake Questionnaire Qualify as a Charge Under Texas Law?**

In this case, the parties' arguments focus on whether the intake questionnaire Plaintiff's counsel forwarded to the EEOC and TWC on January 5, 2007, meets the requirement of filing a charge or complaint with the TWC.  As already noted, because the Plaintiff is only raising claims under the Texas Labor Code, the Court's decision on this issue must be governed by Texas law.

4

Defendant relies upon an unreported Fifth Circuit case in support of its argument. *See Harris v. Honda*, 213 Fed. Appx. 258 (5th Cir. 2006) (summary calendar). *Harris* holds that an intake questionnaire submitted to the Texas Human Rights Commission[1] does not meet the most basic of the statutory requirements for a charge of discrimination as defined by the Labor Code because the statute requires that a charge be made under oath, while an intake questionnaire is unsworn. *Id.* (citing *Norwood v. Litwin Eng'rs. & Constructors, Inc.*, 962 S.W.2d 220, 222 (Tex. App. – Houston [1st Dist.] 1998, pet. denied)). In *Harris*, the Court relied upon the Seventh Circuit holding that EEOC intake questionnaires and discrimination charges are two separate items. *See Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). *Early* emphasizes that the primary difference between intake questionnaires and formal charges of discrimination is the notification requirement of a charge. *Id.* In *Early*, the Seventh Circuit stated that equating intake questionnaires to charges, without more, would be the equivalent of dispensing with the requirement that the prospective defendant receive notice of the charge. *Early*, 959 F.2d at 80-81 (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 256-57 (1980)). Defendant asserts that Plaintiff's intake questionnaire was not verified and also was not processed by the TWC. In support, Defendant relies upon the TWC's letter to Plaintiff's counsel dated January 30, 2007, stating "this is to inform you that the Division will be unable to draft a charge on your behalf for the reasons indicated below. . . ."

Plaintiff in turn, rests his argument on two cases. The first case is *Federal Express Corp. v. Holowecki*, ___ U.S. ___, 128 S.Ct. 1147 (Feb. 27, 2008). In this freshly-minted Supreme Court case the Court determined that the EEOC reasonably exercised its authority to apply its own regulations when it determined that an intake questionnaire with a detailed supporting affidavit

---

[1] The Texas Human Rights Commission is the antecedent agency to the Texas Workforce Commission.

constituted a "charge" under the ADEA.  Applying the standard of *Skidmore v. Swift Co.*, 323 U.S. 134 (1944), the Court deferred to the EEOC's policy statement that "the proper test for determining whether a filing is a charge is whether the filing, taken as a whole, should be construed as a request by an employee for the EEOC to take whatever action is necessary to vindicate her rights."  The Court concluded that, in that case, the EEOC's requirement that a "charge" meet the minimum standards of 29 C.F.R. § 1626.8(b),[2] and also fulfill this "request-to-act" element was a proper interpretation of the EEOC's regulations.  *Holowecki*, 128 S.Ct. at 1156-59.  The Court summarized its conclusion as follows:

> In addition to the information required by the regulations, *i.e.*, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.

*Id.* at 1157-58. Important to this case, *Holowecki* also found that "the agency is not required to treat every intake questionnaire as a charge."  128 S.Ct. at 1159.  Additionally, the Court carefully noted the differences in the various employment discrimination statutes and warned that "employees and their counsel must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination."  128 S.Ct. at 1153.

There are many distinctions between *Holowecki* and this case.  In this case, unlike *Holowecki*, the TWC did not treat Plaintiff's intake questionnaire as a charge, and in fact informed Plaintiff that it would *not* be preparing a charge of discrimination on his behalf.  Plaintiff cannot argue that he erroneously relied upon a presumption that he had filed a charge or that the agency had filed one on his behalf.  More to the point, *Holowecki* was decided under the EEOC's regulations implementing

---

[2]This regulation provides that a charge is "sufficient" if it is in writing and names the prospective respondent and generally alleges a discriminatory act.

the ADEA and the holding of that case was expressly limited to those regulations.  Here, Plaintiff's claims are brought pursuant to the Texas Labor Code, which contains wholly different rules regarding exhaustion.[3] These rules are set out in section 21.201 of the Texas Labor Code (titled "Filing of Complaint; Form and Content"), which states:

(a)     A person claiming to be aggrieved by an unlawful employment practice or the person's agent may file a complaint with the commission.

(b)     The complaint must be in writing and made under oath.

(c)     The complaint must state:

(1)     that an unlawful employment practice has been committed;

(2)     the facts on which the complaint is based, including the date, place, and circumstances of the alleged unlawful employment practice; and

(3)     facts sufficient to enable the commission to identify the respondent.

(d)     The executive director or the executive director's designee shall serve the respondent with a copy of the perfected complaint not later than the 10th day after the date the complaint is filed.

(e)     A complaint may be amended to cure technical defects or omissions, including a failure to verify the complaint or to clarify and amplify an allegation made in the complaint.

(f)     An amendment to a complaint alleging additional facts that constitute unlawful employment practices relating to or arising from the subject matter of the original complaint relates back to the date the complaint was first received by the commission.

(g)     If a perfected complaint is not received by the commission within 180 days of the alleged unlawful employment practice, the commission shall notify the respondent that a complaint has been filed and that the process of perfecting the complaint is in progress.

---

[3]Even if Plaintiff had brought his claims under federal law he would have had to bring them under Title VII and not the ADEA, as the claims are for national origin and religious discrimination.

TEXAS LABOR CODE § 21.201.  Unlike the ADEA regulations, as interpreted by the EEOC and the Supreme Court in *Holowecki*, the Texas Labor Code specifically requires that a charge be sworn. While the statute gives the complainant the opportunity to cure defects, "including a failure to verify the complaint," and further contemplates the possibility of the state commission beginning its work before it has received the "perfected" complaint, *id.* at §§ (e) - (g), that did not take place here. Plaintiff never sought to submit a sworn statement to the TWC, and the TWC never notified the Defendant that the Plaintiff's complaint was in the process of being perfected.  Indeed, quite the opposite happened – the agency informed the Plaintiff that it would not be processing his complaint. Because the Supreme Court limited its holding in *Holowecki* to the facts and rules involved in that dispute, and because the facts and rules at issue in this case are significantly different than those in *Holowecki*, that case does not govern the result here.

Rather, the rules set by section 22.201 of the Texas Labor Code are the applicable rules, and there is no question that Plaintiff failed to meet the requirements of that statute prior to filing his suit. Under Texas law, the filing of a timely charge is mandatory, and if no charge is filed the court lacks jurisdiction to hear the Plaintiff's case, and must dismiss for lack of jurisdiction.  *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485-86, 488 (Tex.1991).[4]

Plaintiff also relies upon *Edelman v. Lynchburg College*, 535 U.S. 106 (2002), for the proposition that an intake questionnaire need not be verified to qualify as a charge. In *Edelman*, a college professor sued his former employer alleging violations of Title VII based upon his gender,

---

[4]Under federal law, failure to exhaust administrative remedies does *not* strip the court of jurisdiction, as exhaustion is considered a condition precedent and can be waived.  *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (filing of a timely charge with EEOC is not a jurisdictional prerequisite to a Title VII suit in federal court; instead, it is a condition precedent and is subject to waiver and estoppel).

national origin, and religion.  In *Edelman*, the plaintiff had timely faxed an unverified letter to the EEOC, and later, after an EEOC interview, executed a formal charge of discrimination, but did so after the deadline for filing a charge had passed.  Under these facts, the Supreme Court deferred to the applicable EEOC regulation (29 C.F.R. § 1601.12(b)), which states that a charge may be amended to cure technical defects, such as the lack of verification, and such a cured charge relates back to the date on which the EEOC received the original filing. *Edelman*, 535 U.S. at 118-19.   As with *Holowecki*, *Edelman* does not help Plaintiff's case.  First, the case is again based on federal regulations implementing Title VII, whereas this case is governed by state law.  And while Texas law contains similar cure and relation back rules (noted above), unlike Edelman, the Plaintiff here failed to take advantage of those provisions, and never sought to "cure" his filing.  Finally, unlike the EEOC in the *Edelman* case, the TWC never treated Plaintiff's questionnaire as a charge, and the relation-back principle set forth by *Edelman* only applies where the agency treats the earlier filing as a charge. *Id.  See also Manning v. Chevron Chem. Co.*, 332 F.3d 874. 878 (5th Cir. 2003), *cert. denied* 540 U.S. 1107 (2004).

In summary, the Court finds that Plaintiff failed to exhaust his administrative remedies as required by the Texas Labor Code.  Because these requirements are mandatory and jurisdictional, and because Plaintiff is only pursuing a claim under the Texas Labor Code, dismissal of Plaintiff's Petition pursuant to Rule 12(b)(1) is mandatory.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned RECOMMENDS that the District Court **GRANT** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Clerk's Doc. No. 3).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of April, 2008.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE